**JUDGE BUCHWALD**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



------------------------------------- x

JOHN PORTES,

                Plaintiff,

- against -

THE CITY OF NEW YORK and individually
and in their official capacity as New
York City Police Officers OFFICER
MICHAEL COUSIN-HAYES and OFFICER
ANGELICA SALMERON, and individually
and in their official capacity as New
York City Police Officers JOHN DOES,
police officers and non-uniformed
employees of the New York City Police
Department, the identity and number
of whom are presently unknown; and
individually and in their official
capacity as New York City Police
Officers RICHARD ROES, supervisory
police officers of the City of New
York, the identity and number of
whom are presently unknown,

                Defendants.

------------------------------------- x

COMPLAINT AND
JURY DEMAND

08 CV 02817

## NATURE OF ACTION

1. This is an action to recover money damages for the violation of Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution. Also raised are supplemental claims under the laws of the State of New York.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution.

3. This Court has jurisdiction over the federal claims

pursuant to 28 U.S.C. §§ 1331, 1343(a)(3) and (4), and 42 U.S.C. §§ 1983 and 1988.

4. Plaintiff invokes this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over any and all State law claims that are part of the same case or controversy giving rise to the federal claims and share the name nucleus of operative facts as the federal claims.

5. Venue is proper in the United States District Court for the Southern District of New York because the claims arose and plaintiff resides in this district. 28 U.S.C. §§ 1391(a)-©) and 1402(b).

**CONDITION PRECEDENT TO SUPPLEMENTAL STATE CLAIMS**

6. Plaintiff has complied with all conditions precedent to the commencement of the supplemental state claims, having timely served on or about January 11, 2007, a notice of claim upon the Defendant CITY OF NEW YORK; more than 30 days has elapsed since said service without payment or adjustment; having had a hearing pursuant to Section 50(h) of the General Municipal Law on May 3, 2007; and having brought this action in a timely manner.

**PARTIES**

7. Plaintiff JOHN PORTES is, and was at all times relevant herein, a resident of the County of New York, City and State of New York.

8. Defendant OFFICER MICHAEL COUSIN-HAYES is, and was at all

relevant times herein, a duly appointed agent, employee, officer, and servant of the Police Department of the City of New York ("NYPD"). Defendant Cousin-Hayes is being sued in his official and individual capacities.

9. Defendant OFFICER ANGELICA SALMERON is, and was at all times relevant herein, a duly appointed agent, employee, officer, and servant of the NYPD. Defendant Salmeron is being sued in her official and individual capacities.

10. All JOHN DOE Defendants ("Doe Defendants") are, and were at all relevant times herein, officers, employees, and agents of the NYPD. All Doe Defendants actively participated, directly or indirectly, in the unlawful arrest of Plaintiff on October 28, 2006 and subsequent malicious prosecution of Plaintiff. All Doe Defendants are being sued in their individual and official capacities.

11. All RICHARD ROE Defendants ("Roe Defendants") are, and were at all relevant times herein, supervisory officers, employees and agents of the NYPD. All Roe Defendants actively participated, directly or indirectly, in the unlawful arrest of Plaintiff on October 28, 2006 and subsequent malicious prosecution of Plaintiff. All Roe Defendants are being sued in their individual and official capacities.

12. At all relevant times herein, the above-named and unnamed individual defendants were acting under color of state law in the

course and scope of their duties and functions as agents, employees, officers, and servants of the NYPD, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions and duties. At all relevant times herein, defendants were acting for and on behalf of the NYPD, with the power and authority vested in them as agents, employees, officers, and servants of the NYPD.

13. At all relevant times herein, defendants acted jointly and in concert with each other. Each defendant had the duty and the opportunity to protect Plaintiff from the unlawful actions of the other defendant but each defendant failed and refused to perform such duty, thereby proximately causing plaintiff's injuries.

### STATEMENT OF FACTS

14. On the evening of October 28, 2006, Plaintiff visited his mother, Theresa Portes, at her home at 273 West 114th Street in Manhattan. Plaintiff left his mother's home at approximately 10:00 p.m. accompanied by his cousin, Rafael Diaz.

15. Plaintiff's car was legally parked on West 114th Street between Seventh and Eighth Avenues, across the street from his mother's apartment building. As Plaintiff and Mr. Diaz crossed the street, a marked NYPD patrol car sped past, then slowed and stopped approximately five buildings past Plaintiff and Mr. Diaz.

16. Plaintiff and Mr. Diaz proceeded across the street and

entered Plaintiff's vehicle.

17. The marked NYPD patrol car then reversed back towards Plaintiff and Mr. Diaz. West 114th Street is a one-way street, and the patrol car traveled backwards in the wrong direction. The patrol car was driven by defendant Officer Cousin-Hayes, and defendant Officer Salmeron rode in the passenger seat. The patrol car stopped inches away from Plaintiff's vehicle

18. Plaintiff rolled down his car window and defendant Officer Salmeron rolled down her car window. Plaintiff stated his concern that the patrol car was about to hit his vehicle. Defendant Officer Cousin-Hayes responded to Plaintiff in an aggressive manner, stating "Did I hit your car? Did I hit your car?"

19. At this point, Officer Salmeron stated to Officer Cousin-Hayes something to the effect of "let's leave it alone."

20. Officer Cousin-Hayes parked the patrol car beside Plaintiff's car, blocking Plaintiff's vehicle and preventing Plaintiff from driving away.

21. Officer Cousin-Hayes exited the patrol car, walked to the driver's side of Plaintiff's vehicle and commanded Plaintiff to get out of the car.

22. Plaintiff exited his car with his hands in the air in compliance with Officer Cousin-Hayes's command.

23. Plaintiff asked Officer Cousin-Hayes why he was doing

this.

24. Officer Cousin-Hayes told Plaintiff to place his hands on the car and proceeded to search Plaintiff.

25. Plaintiff's mother was outside of the apartment building and was watching at this point. Plaintiff indicated to the officers that Ms. Portes was his mother.

26. Officer Cousin-Hayes took hold of Plaintiff's arm and twisted it behind Plaintiff's back, and put Plaintiff face-down on the ground. While Plaintiff was on the ground, Officer Cousin-Hayes twisted Plaintiff's arm with greater pressure, and Plaintiff experienced injury and great pain in his arm.

27. Officer Cousin-Hayes handcuffed Plaintiff's hands behind his back. He then lifted Plaintiff to his feet by the handcuffs, thus increasing the injury and pain to Plaintiff's arm.

28. Officers Cousin-Hayes and Salmeron placed Plaintiff in the patrol car and transported him to the 28th Precinct.

29. Plaintiff was placed in a cell. Plaintiff complained that his arm hurt.

30. Plaintiff was eventually released pursuant to a desk appearance ticket (DAT).

31. Plaintiff continued to experience great pain in his arm. Concerned that his arm may be broken, Plaintiff went to the hospital after being released from the police precinct.

32. X-rays taken at the hospital showed that Plaintiff's

elbow was fractured.

33. A complaint was filed at the 28th Precinct regarding the incident.

34. A complaint was also filed with the Civilian Complaint Review Board (CCRB). The CCRB investigated and determined that Officers Cousin-Hayes and Salmeron abused their authority and recommended sanctions against the officers.

35. Plaintiff was charge with Disorderly Conduct, N. Y. Penal Law § 240.20, New York City Criminal Court Docket No. 2007SN001847. The prosecution terminated favorably to Plaintiff in that the case was dismissed for legal insufficiency on December 20, 2006.

36. As a direct and proximate result of defendants' actions, Plaintiff suffered injuries and damages, including:

    a. Violation of his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution; and

    b. Violation of various state torts; and

    c. Physical injury, pain and suffering and emotional pain and suffering.

## FIRST CLAIM FOR RELIEF

**(Section 1983 False Arrest and False Imprisonment Claim)**

37. Plaintiff repeats and realleges paragraphs 1 through 36 as if fully set forth herein.

38. Defendant Cousin-Hayes, defendant Salmeron, the Doe

defendants and the Roe defendants, acting in concert and within the scope of their authority, arrested and caused plaintiff to be imprisoned without probable cause, in violation of his rights to be free from unreasonable search and seizure under the Fourth and Fourteenth Amendments to the United States Constitution.

39. Plaintiff asserts this claim against defendant Cousin-Hayes, defendant Salmeron, the Doe defendants and the Roe defendants.

## SECOND CLAIM FOR RELIEF

### (Section 1983 Excessive Force Claim)

40. Plaintiff repeats and realleges paragraphs 1 through 39 as if fully set forth herein.

41. The individual defendants, (see ¶¶ 8-11, supra), acting in concert and within the scope of their authority, used objectively unreasonable force in effecting Plaintiff's arrest, in violation of Plaintiff's rights to be free from unreasonable seizure under the Fourth and Fourteenth Amendments to the United States Constitution.

42. Plaintiff asserts this claim against defendant Cousin-Hayes, defendant Salmeron, the Doe defendants and the Roe defendants.

## THIRD CLAIM FOR RELIEF

### (Section 1983 Malicious Prosecution)

43. Plaintiff repeats and realleges paragraphs 1 through 42

as if fully set forth herein.

44. Defendant Cousin-Hayes, defendant Salmeron, the Doe defendants and the Roe defendants, acting in concert and within the scope of their authority, maliciously caused Plaintiff to be deprived of his liberty as a result of a governmental seizure in the form of legal process, namely a criminal prosecution without probable cause which terminated favorably to Plaintiff, in violation of Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

45. Plaintiff asserts this claim against defendant Cousin-Hayes, defendant Salmeron, the Doe defendants and the Roe defendants.

### FOURTH CLAIM FOR RELIEF

### (_Monell_ claim against Municipal Defendants)

46. Plaintiff repeats and realleges paragraphs 1 through 45 as if set forth fully herein.

47. At all times material to this complaint, Defendant City of New York, acting through Mayor Michael Bloomberg, Police Commissioner Raymond Kelly, and the NYPD, adopted, instituted, and maintained _de facto_ policies, practices, and customs exhibiting complete indifference to the constitutional rights of citizens.

48. These _de facto_ policies, practices, and customs include: (a) the failure to properly screen, supervise, discipline, transfer, counsel and/or otherwise control police officers engaged

in the excessive and unjustified use of force, particularly those officers who are repeatedly accused of such acts; (b) the failure to properly train and supervise police officers to avoid the use of punitive, cruel and excessive force; and ©) the police officer "code of silence" wherein police officers regularly cover up police use of excessive and unjustified force by telling false and incomplete stories, or by failing to report the use of excessive and unjustified force by police officers.

49. These de facto policies, practices, and customs are a direct and proximate cause of the conduct alleged herein and otherwise a direct and proximate cause of the injuries sustained by Plaintiff.

50. Defendant City of New York did negligently hire, train, and supervise the individual defendants, (see ¶¶ 8-11, supra), who participated, directly or indirectly, in the unlawful arrest of Plaintiff on October 28, 2006, and who were unfit for the performance of police duties on that day.

### FIFTH CLAIM FOR RELIEF

**(False Arrest and False Imprisonment Under New York Common Law)**

51. Plaintiff repeats and realleges paragraphs 1 through 50 as if set forth fully herein.

52. The individual Defendants, (see ¶¶ 8-11, supra), acting in concert and within the scope of their authority, falsely arrested and imprisoned Plaintiff, without probable cause, a

warrant, or any right or authority to do so.

53. The individual Defendants, (see ¶¶ 8-11, supra), were at all times employees acting within the scope of their employment by Defendant City of New York, which is therefore responsible for their conduct.

54. Plaintiff asserts this claim against all defendants.

### SIXTH CLAIM FOR RELIEF

#### (Malicious Prosecution Under New York Common Law)

55. Plaintiff repeats and realleges paragraphs 1 through 54 as if set forth fully herein.

56. The acts and conduct of the individual Defendants, (see ¶¶ 8-11, supra), constitute malicious prosecution under the laws of the State of New York. Defendants caused criminal proceedings to be brought against Plaintiff without probable cause and with malice, and the proceedings terminated favorably to Plaintiff.

57. The individual Defendants, (see ¶¶ 8-11, supra), were at all times employees acting within the scope of their employment by Defendant City of New York, which is therefore responsible for their conduct.

58. Plaintiff asserts this claim against all defendants.

### SEVENTH CLAIM FOR RELIEF

#### (Intentional Infliction of Emotional Distress Under New York Common Law)

59. Plaintiff repeats and realleges paragraphs 1 through 58

as if set forth fully herein.

60. The individual Defendants, (see ¶¶ 8-11, supra), acting in concert and within the scope of their authority, engaged in outrageous and extreme conduct, utterly intolerable in a civilized society, and thereby intentionally caused extreme emotional distress to Plaintiff.

61. Plaintiff asserts this claim against all defendants.

### EIGHTH CLAIM FOR RELIEF

### (Excessive Force Under New York Common Law)

62. Plaintiff repeats and realleges paragraphs 1 through 61 as if set forth fully herein.

63. The acts and conduct of the individual Defendants, (see ¶¶ 8-11, supra), constituted excessive force upon the Plaintiff in that they used objectively unreasonable force in effecting Plaintiff's arrest.

64. The individual Defendants, (see ¶¶ 8-11, supra), were at all times employees acting within the scope of their employment by Defendant City of New York, which is therefore responsible for their conduct.

65. Plaintiff asserts this claim against all defendants.

### NINTH CLAIM FOR RELIEF

### (Assault Under New York Common Law)

66. Plaintiff repeats and realleges paragraphs 1 through 65 as if set forth fully herein.

67.  The individual Defendants, (see ¶¶ 8-11, supra), acting in concert and within the scope of their authority, intentionally, willfully, and maliciously assaulted Plaintiff in that they had the real and apparent ability to cause harmful and/or offensive bodily contact to Plaintiff, did a violent and/or menacing act which threatened such contact to Plaintiff, and thereby caused Plaintiff to apprehend harmful and/or offensive bodily contact.

68.  Plaintiff asserts this claim against all defendants.

### TENTH CLAIM FOR RELIEF

**(Battery Under New York Common Law)**

69.  Plaintiff repeats and realleges paragraphs 1 through 68 as if set forth fully herein.

70.  The individual Defendants, (see ¶¶ 8-11, supra), acting in concert and within the scope of their authority, intentionally, willfully, and maliciously battered Plaintiff, in that they, in a hostile and/or offensive manner, struck Plaintiff without his consent and with the intention of causing harmful and/or offensive bodily contact to Plaintiff, and caused such battery.

71.  Plaintiff asserts this claim against all defendants.

### ELEVENTH CLAIM FOR RELIEF

**(Negligent Infliction of Emotional Distress Under New York Common Law)**

72.  Plaintiff repeats and realleges paragraphs 1 through 71 as if set forth fully herein.

73. Defendant Cousin-Hayes, defendant Salmeron, the Doe defendants and the Roe defendants, acting in concert and within the scope of their authority, engaged in extreme and outrageous conduct, utterly intolerable in a civilized society, which negligently caused extreme emotional distress to Plaintiff.

74. Plaintiff asserts this claim against all defendants.

### TWELFTH CLAIM FOR RELIEF

### (Negligent Hiring, Retention, Supervision and Training Under New York Common Law)

75. Plaintiff repeats and realleges paragraphs 1 through 74 as if set forth fully herein.

76. The Defendant City of New York, through the NYPD, negligently hired, screened, retained, supervised, and trained the individual defendant police officers herein. These individual police officers were unfit for the performance of police duties on October 28, 2006.

77. Plaintiff asserts this claim against the defendant City of New York.

### JURY DEMAND

78. Plaintiff hereby demands trial by jury of all issues properly triable thereby.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiff demands the following relief jointly and

severally against all the defendants:

 a. Compensatory damages in an amount to be determined at trial;

 b. Punitive damages in an amount to be determined at trial;

 c. Reasonable attorneys' fees and costs of this litigation; and

 d. Such other relief as this Court deems just and proper.

Dated: New York, New York
    March 17, 2008

Respectfully submitted,

_____
GLENN A. GARBER (GG9300)
350 Broadway, Suite 1207
New York, New York 10013
(212) 965-9370