

MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, N.Y. 10007

Afsaan Saleem
*Senior Counsel*
Tel.: (212) 788-9580
Fax: (212) 788-9776

DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/30/08

# MEMO ENDORSED

June 23, 2008



RECEIVED IN CHAMBERS
OF NAOMI REICE BUCHWALD

JUN 2 4 2008

UNITED STATES DISTRICT JUDGE

BY HAND DELIVERY
Honorable Naomi R. Buchwald
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re: John Portes v. The City of New York, et. al.,
        08 CV 02817 (NRB) (DF)

Your Honor:

     I am a Senior Counsel in the Special Federal Litigation Division of the New York City Law Department and am the assigned attorney for the City of New York ("City") in this case. I am writing to respectfully request a 60 day enlargement of time, from June 30, 2008 to August 29, 2008 within which the City may answer or otherwise respond to the complaint. This is the City's first request for an enlargement of time in this action. Plaintiff has only consented to a 30 day enlargement.

     We seek this enlargement for several reasons. First of all, in this case, plaintiff alleges that on or about October 28, 2006, he was falsely arrested and injured by a police officer during the arrest. Before this office can adequately respond to the complaint, we will need to conduct an investigation into the facts of the case. To this end, defendant will need to obtain releases from plaintiff to access the underlying arrest and criminal court records regarding this action. The enlargement of time will therefore afford us the opportunity to investigate the matter.

     Another reason why the 60 day enlargement is needed is because in addition to the City, plaintiff has named two New York City police officers.[1] The enlargement will allow us to

---

[1] The docket sheet does not indicate if they have been served. Without appearing on their behalf or making any representations with respect to service, I also respectfully request that all of the

Continued…

ascertain whether the individually named defendants have been properly served. If service has been effectuated then, pursuant to Section 50-k of the New York General Municipal Law, this office must determine, based on a review of the case, whether we may represent the officers. Part of that review, entails ascertaining if there was any finding of wrongdoing by the officers. The plaintiff alleges in his Complaint that the Civilian Complaint Review Board ("CCRB") investigated this incident and recommended sanctions against the officers. This extension will hopefully allow the City the opportunity to obtain the CCRB file which will allow the City to make an informed decision as to the representation of these officers. Should the City determine that the officers are eligible for representation by the Corporation Counsel, then the officers must then decide whether they wish to be represented by this office. If so, we must obtain their written authorization. Only after this procedure has been followed can we determine how to proceed in this case. See Mercurio v. The City of New York, et al., 758 F.2d 862, 854-65 (2d Cir. 1985) (quoting Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision to represent individual defendants is made by the Corporation Counsel as set forth in state law)).

In view of the foregoing, it is respectfully requested that the Court grant the within request extending defendants' time to answer the complaint until August 29, 2008.

Thank you for your consideration in this regard.

Sincerely,

Afsaan Saleem
Senior Counsel

cc:    Via Fax
       Glenn A. Garber, P.C.
       (212) 965-9375

---

defendants' time to answer or otherwise respond to the complaint also be extended until August 29, 2008.